## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JEROME JENNINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 1:22-cv-01165-RDP** |
| | ) | |
| **CHRISTOPHER SMITH, _et al._,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ANSWER BY DEFENDANTS, CHRISTOPHER SMITH, JUSTIN GABLE, AND JEREMY BROOKS TO PLAINTIFF'S COMPLAINT</u>

Come now the Defendants, Christopher Smith, Justin Gable, and Jeremy Brooks, and as Answer to Plaintiff's Complaint in the above-styled cause say as follows:

### <u>INTRODUCTION</u>

In response to the section titled "Introduction," consisting of three unnumbered paragraphs, these Defendants state that this section of the complaint is an impermissible "shotgun pleading" because it does not comply with Federal Rules of Civil Procedure 8(a) and 10(b). A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1320 (11th Cir. 2015).

Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule

10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence ... be stated in a separate count ...." Id.

The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." Weiland, 792 F.3d at 1320 (quoting T.D.S. Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)). These rules were also written for the benefit of the court, which must be able to determine "which facts support which claims," "whether the plaintiff has stated any claims upon which relief can be granted," and whether evidence introduced at trial is relevant. Id. (quoting T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)).

The "Introduction" section of the complaint contains multiple paragraphs, and each paragraph contains multiple sentences; the allegations are not properly limited to a "single set of circumstances." Accordingly, these Defendants respectfully state that this section of the complaint should be disregarded by this Honorable Court and that no response is required to the legal, conclusory, or otherwise insufficient allegations set forth in this section of the complaint. However, to the extent that a

response may be required, or to the extent this section of the complaint could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

## JURISDICTION AND VENUE

1.      These Defendants do not contest jurisdiction. To the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

2.      These Defendants do not contest jurisdiction. To the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

3.      These Defendants do not contest venue. To the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

## PARTIES

4.      These Defendants admit, on information and belief, that Plaintiff is a resident of Alabama and a United States citizen but reserve the right to amend this answer in the event that discovery reveals this averment to be inaccurate. To the

extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

5.     Admitted that Christopher Smith is a resident of Alabama, a United States citizen, and, on or about May 22, 2022, was a law enforcement officer employed by the City of Childersburg, Alabama. The remaining allegations of paragraph 5 are legal and conclusory and nature and therefore, do not require a response by these Defendants. To the extent that a further response may be required or to the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

6.     Admitted that Justin Gable is a resident of Alabama, a United States citizen, and, on or about May 22, 2022, was a law enforcement officer employed by the City of Childersburg, Alabama. The remaining allegations of paragraph 6 are legal and conclusory and nature and therefore, do not require a response by these Defendants. To the extent that a further response may be required or to the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

7.     Admitted that Jeremy Brooks is a resident of Alabama, a United States citizen, and, on or about May 22, 2022, was a law enforcement officer employed by the City of Childersburg, Alabama. The remaining allegations of paragraph 7 are legal and conclusory and nature and therefore, do not require a response by these Defendants. To the extent that a further response may be required or to the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

8.     In response to paragraph 8 of the complaint, these Defendants admit that the City of Childersburg is a municipal corporation organized under the laws of the State of Alabama. To the extent that this paragraph could in any way be interpreted as asserting that the "City of Childersburg Police Department" is a legal entity capable of being sued, the same is denied, as an Alabama municipal police department is incapable of being sued under § 1983 or Alabama state law. Ex parte Dixon, 55 So. 3d 1171, 1172 n.1 (Ala. 2010); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Merriweather v. Stringer, No. 2:21-CV-145-MHT-SMD, 2021 WL 6137515, at *4 (M.D. Ala. Dec. 9, 2021) (collecting cases).

## FACTUAL ALLEGATIONS

*Events That Occurred on May 22, 2022*

9.      These Defendants deny paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10.      In response to paragraph 10, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 10 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. See Weiland, 792 F.3d at 1320; T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 10 and demand strict proof thereof.

11.      In response to paragraph 11, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 11 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. See Weiland, 792 F.3d at 1320; T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 11 and demand strict proof thereof.

12.     In response to paragraph 12, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 12 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.</u>, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 12 and demand strict proof thereof.

13.     In response to paragraph 13, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 13 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.</u>, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 13 and demand strict proof thereof.

14.     In response to paragraph 14, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 14 should be disregarded, and no response should be required to the legal,

conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.</u>, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 14 and demand strict proof thereof.

15.     In response to paragraph 15, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 15 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.</u>, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 15 and demand strict proof thereof.

16.     In response to paragraph 16, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 16 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.</u>, 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 16 and demand strict proof thereof.

17.     In response to paragraph 17, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 17 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. See Weiland, 792 F.3d at 1320; T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 17 and demand strict proof thereof.

18.     In response to paragraph 18, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 18 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. See Weiland, 792 F.3d at 1320; T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 18 and demand strict proof thereof.

19.     In response to paragraph 19, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 19 should be disregarded, and no response should be required to the legal,

conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.,</u> 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 19 and demand strict proof thereof.

20.    In response to paragraph 20, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 20 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. <u>See</u> <u>Weiland</u>, 792 F.3d at 1320; <u>T.D.S.,</u> 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 20 and demand strict proof thereof.

21.    These Defendants deny paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

22.    In response to paragraph 22, these Defendants state that any court documents speak for themselves. To the extent that a further response may be required or to the extent that this paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

23.     These Defendants deny paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

24.     These Defendants deny paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Unlaw [*sic*] Arrest in Violation of the Fourth Amendment
(Against All Individual Defendants)

25.     In response to paragraph 25, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

26.     In response to paragraph 26, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

27.     In response to paragraph 27, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be

interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

28.     In response to paragraph 28, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

29.     In response to paragraph 29, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

30.     In response to paragraph 30, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph 30 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. See Weiland, 792 F.3d at 1320; T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 30 and demand strict proof thereof.

31.     These Defendants deny paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

32.     These Defendants deny paragraph 32 of Plaintiff's Complaint and demand strict proof thereof.

33.     These Defendants deny paragraph 33 of Plaintiff's Complaint and demand strict proof thereof.

34.     These Defendants deny paragraph 34 of Plaintiff's Complaint and demand strict proof thereof.

35.     These Defendants deny paragraph 35 of Plaintiff's Complaint and demand strict proof thereof.

36.     These Defendants deny paragraph 36 of Plaintiff's Complaint and demand strict proof thereof.

37.     These Defendants deny paragraph 37 of Plaintiff's Complaint and demand strict proof thereof.

38.     In response to the "WHEREFORE" paragraph contained at the end of this section these Defendants deny that Plaintiff is entitled to the relief he seeks, deny Plaintiff's claim for compensatory or punitive damages, and deny the allegations of Plaintiff's Complaint as set out above and demand strict proof thereof.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Retaliatory arrest in violation of the First Amendment
### (Against All Individual Defendants)

39.     In response to paragraph 39, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

40.     In response to paragraph 40, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

41.     In response to paragraph 41, the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded.

42.     In response to paragraph 42, these Defendants state that this paragraph violates Fed. R. Civ. P. 10(b) because it contains multiple sentences, and its allegations are not properly limited to a single set of circumstances. Thus, paragraph

42 should be disregarded, and no response should be required to the legal, conclusory, or otherwise insufficient allegations set forth in this paragraph. See Weiland, 792 F.3d at 1320; T.D.S., 760 F.2d at 1544 n.14 (Tjoflat, J., dissenting)). However, to the extent that a response may be required, these Defendants deny paragraph 42 and demand strict proof thereof.

43.     These Defendants deny paragraph 43 of Plaintiff's Complaint and demand strict proof thereof.

44.     These Defendants deny paragraph 44 of Plaintiff's Complaint and demand strict proof thereof.

45.     These Defendants deny paragraph 45 of Plaintiff's Complaint and demand strict proof thereof.

46.     These Defendants deny paragraph 46 of Plaintiff's Complaint and demand strict proof thereof.

47.     These Defendants deny paragraph 47 of Plaintiff's Complaint and demand strict proof thereof.

48.     These Defendants deny paragraph 48 of Plaintiff's Complaint and demand strict proof thereof.

49.     These Defendants deny paragraph 49 of Plaintiff's Complaint and demand strict proof thereof.

50.     In response to the "WHEREFORE" paragraph contained at the end of this section these Defendants deny that Plaintiff is entitled to the relief he seeks, deny Plaintiff's claim for compensatory or punitive damages, and deny the allegations of Plaintiff's Complaint as set out above and demand strict proof thereof.

### THIRD CLAIM FOR RELIEF
(False Arrest)
(All Defendants)

51.     In response to paragraph 51, these Defendants adopt and incorporate all previous denials and defenses.

52.     These Defendants deny paragraph 52 of Plaintiff's Complaint and demand strict proof thereof.

53.     These Defendants deny paragraph 53 of Plaintiff's Complaint and demand strict proof thereof.

54.     These Defendants deny paragraph 54 of Plaintiff's Complaint and demand strict proof thereof.

55.     These Defendants deny paragraph 55 of Plaintiff's Complaint and demand strict proof thereof.

56.     In response to paragraph 56, the individual Defendants state that the allegations are legal and conclusory in nature and, therefore, do not require a response by these Defendants. To the extent that a response may be required, or to the extent said paragraph could in any way be interpreted as asserting allegations of

liability or wrongdoing against these Defendants or others, the same is denied and strict proof is demanded. The City states that, to the extent that this paragraph is directed to it, it has filed a motion to dismiss directed to this claim, and said motion to dismiss is incorporated by reference as if fully set forth herein.

57.     In response to the "WHEREFORE" paragraph contained at the end of this section these Defendants deny that Plaintiff is entitled to the relief he seeks, deny Plaintiff's claim for compensatory or punitive damages, and deny the allegations of Plaintiff's Complaint as set out above and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

To the extent not specifically admitted in this Answer, these Defendants deny all material averments and allegations of the Plaintiff's Complaint and demand strict proof thereof.

### SECOND DEFENSE

These Defendants plead that the Plaintiff's claims against them are barred by the applicable statute of limitations.

### THIRD DEFENSE

The Complaint separately and severally fails to state claims upon which relief can be demanded or granted.

## FOURTH DEFENSE

These Defendants deny any wrongdoing.

## FIFTH DEFENSE

These Defendants did not violate any constitutional rights of the Plaintiff or commit any tort against Plaintiff.

## SIXTH DEFENSE

These Defendants plead the general issue.

## SEVENTH DEFENSE

These Defendants plead lack of proximate cause.

## EIGHTH DEFENSE

These Defendants plead good faith as a bar to the Plaintiff's complaint.

## NINTH DEFENSE

Defendants deny there is any causal relationship between any of their alleged actions or conduct and the injuries and damages allegedly suffered by the Plaintiff.

## TENTH DEFENSE

Defendants deny that they breached any duty owed to the Plaintiff. These Defendants further deny that any breach of any duty caused or contributed to cause the alleged injuries and damages of the Plaintiff.

## ELEVENTH DEFENSE

Defendants plead that any action taken or thing not done with respect to the circumstances leading up to, arising out of, or surrounding the claims made the basis of the Plaintiff's Complaint were justified, reasonable, and done in good faith.

## TWELFTH DEFENSE

These Defendants plead the doctrine of unclean hands.

## THIRTEENTH DEFENSE

These Defendants plead the doctrine of contributory negligence by the Plaintiff.

## FOURTEENTH DEFENSE

These Defendants plead the doctrine of assumption of risk by the Plaintiff.

## FIFTEENTH DEFENSE

These Defendants aver that the incident made the basis of the Plaintiff's Complaint were the result of an efficient intervening cause, not proximately caused by any alleged action or omission by these Defendants.

## SIXTEENTH DEFENSE

The Plaintiff's claims against Defendants are barred by the doctrines of immunity, including, but not limited to, qualified, discretionary, State-agent, and Peace Officers' immunity.

## SEVENTEENTH DEFENSE

Defendants are entitled to immunity, including (but not limited to): absolute state immunity, state-agent immunity, qualified immunity, discretionary function immunity, peace officer immunity, municipal prosecutorial immunity, and/or substantive immunity.

## EIGHTEENTH DEFENSE

Plaintiff has not filed a notice of claim for one or more of the claims made the basis of this suit.

## NINETEENTH DEFENSE

Plaintiff was guilty of provocation and other activities.

## TWENTIETH DEFENSE

Plaintiff's claim to punitive damages is unconstitutional under the United States and/or Alabama Constitutions.

## TWENTY-FIRST DEFENSE

There is no causal connection which creates liability of these Defendants for Plaintiff's alleged injuries or damages.

## TWENTY-SECOND DEFENSE

These Defendants had no constitutional responsibility for all or some of the claims.

## TWENTY-THIRD DEFENSE

These Defendants were legally justified for their actions.

## TWENTY-FOURTH DEFENSE

Plaintiff's Complaint is brought without substantial justification under the Alabama Litigation Accountability Act.

## TWENTY-FIFTH DEFENSE

These Defendants plead probable cause or arguable probable cause.

## TWENTY-SIXTH DEFENSE

Plaintiff's own negligence was the proximate cause of the incident.

## TWENTY-SEVENTH DEFENSE

These Defendants plead that all actions taken by them were reasonable and necessary under the circumstances.

## TWENTY-EIGHTH DEFENSE

These Defendants maintain a denial of any wrongdoing or violation of law.

## TWENTY-NINTH DEFENSE

Plaintiff has failed to mitigate his damages.

## THIRTIETH DEFENSE

Plaintiff's Alabama law damages are capped by Ala. Code §§ 11-47-190 and 11-93-2.

## THIRTY-FIRST DEFENSE

These Defendants assert that all their actions are justified under legal process.

## THIRTY-SECOND DEFENSE

These Defendants plead that the Plaintiff cannot profit from his own wrongdoing.

## THIRTY-THIRD DEFENSE

These Defendants plead that they cannot be sued in their individual capacities, as all of their actions were in their official position and line and scope of their employment.

## THIRTY-FOURTH DEFENSE

Plaintiff is not entitled to attorney's fees or costs under 42 U.S.C. § 1988.

## THIRTY-FIFTH DEFENSE

These Defendants complied with all laws.

## THIRTY-SIXTH DEFENSE

Plaintiff is estopped to prosecute this case.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches.

## THIRTY-EIGHTH DEFENSE

Any use of force was reasonable under the circumstances.

## THIRTY-NINTH DEFENSE

These Defendants' actions were privileged under the circumstances.

## FORTIETH DEFENSE

None of the City's officers, employees, or agents violated any constitutional rights of the Plaintiff.

## FORTY-FIRST DEFENSE

These Defendants plead that all actions taken by them were in their positions as police officers and that, as such, they are entitled to all privileges, immunities, and limitations on damages as afforded to a municipality.

## FORTY-SECOND DEFENSE

Some or all of the damages claimed by Plaintiff are subject to set-off, offset, or recoupment by pro tanto settlements, by super liens, by subrogation, and/or by reimbursement.

## FORTY-THIRD DEFENSE

These Defendants plead the statutory cap applicable to all claims for recovery of compensatory and punitive damages.

## FORTY-FOURTH DEFENSE

There is insufficient proof for the jury to award damages for loss of wages and income.

## FORTY-FIFTH DEFENSE

Plaintiff may not recover damages for mental anguish in this case.

## FORTY-SIXTH DEFENSE

The careless, negligent, improper, and/or illegal actions of the Plaintiff was the sole cause of his injuries.

## FORTY-SEVENTH DEFENSE

These Defendants plead legal justification for their actions.

## FORTY-EIGHTH DEFENSE

The Plaintiff has willfully concealed facts which therefore bars his recovery in this action.

## FORTY-NINTH DEFENSE

These Defendants deny any violation of the Plaintiff's rights as provided by the Alabama and United States Constitution, or otherwise.

## FIFTIETH DEFENSE

These Defendants assert the statutory limitation on recovery of any damages against them under State law as set forth in § 11-93-2 of the Alabama Code, 1975.

## FIFTY-FIRST DEFENSE

These Defendants deny that the Plaintiff is entitled to attorney fees under any statute, based on the events made the basis of the Plaintiff's claims.

## FIFTY-SECOND DEFENSE

The Plaintiff's claim for monetary relief against these Defendants is barred by U.S.C., Const. Amend. 11.

## FIFTY-THIRD DEFENSE

These Defendants would show, upon information and belief, that such injury or damage as the Plaintiff allegedly sustained, if any, was due to and proximately caused by the Plaintiff or the intervening and superceding negligence, carelessness, unskillfulness, recklessness, willfulness, wantonness, gross negligence and/or intentional criminal acts of one or more persons or entities other than these Defendants, over whom these Defendants had no control, and, therefore, Plaintiff may not recover against these Defendants.

## FIFTY-FOURTH DEFENSE

Unless otherwise admitted, these Defendants deny the allegations of the Plaintiff's Complaint and demand strict proof thereof.

## FIFTY-FIFTH DEFENSE

The Plaintiff's claims against these Defendants are barred by the doctrines of justification, self-defense and/or privilege.

## FIFTY-SIXTH DEFENSE

These Defendants plead that the Plaintiff has failed to join an indispensable party.

## FIFTY-SEVENTH DEFENSE

These Defendants plead all other affirmative defenses in bar, abatement, or avoidance of any or all of the claims asserted against them in the Plaintiff's complaint.

## FIFTY-EIGHTH DEFENSE

These Defendants reserve the right to file any additional affirmative defenses that may arise as a result of further discovery and investigation as to the allegations contained in the Plaintiff's Complaint.

**WHEREFORE, PREMISES CONSIDERED**, these Defendants respectfully request: (1) that Plaintiff recover nothing in this action; (2) that the action be dismissed with prejudice; (3) that the costs be taxed against the Plaintiff; (4) that these Defendants be granted attorney's fees pursuant to 42 U.S.C. § 1988; and (5) that the Court grant these Defendants such other and further relief as may seem just and proper.

Respectfully submitted,

*/s/ C. David Stubbs*
C. David Stubbs (asb-7248-u83c)
Attorney for Defendants

***OF COUNSEL:***
**STUBBS, SILLS & FRYE P.C.**
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
(256) 835-5050
david@stubbssillsfrye.com

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that the following has been served a copy of the foregoing document, on the 25th day of October 2022, by placing the same in the U.S. mail, postage prepaid and properly addressed; or, if the party being served is a registered participant in the ECF System of the United States District Court for the Northern District of Alabama, by a "Notice of Electronic Filing" pursuant to N.D. Ala. Local Rule 5.4:

Harry M. Daniels, Esq.
4751 Best Road Suite 490
Atlanta, Georgia 30337
Email: daniels@harrymdaniels.com

Bethaney Embry Jones, Esq.
12531 Veterans Memorial Highway
Douglasville, Georgia 30134
Email: bembry@embrylawfirm.com

Joi Travis, Esq.
Post Office Box 550274
Birmingham, Alabama 35255
Email: joi@travislawllc.com

Roderick Van Daniels, Esq.
3003 13th Avenue South Suite 19
Birmingham, Alabama 35255
Email: joi@travislawllc.com

/s/ *C. David Stubbs*
C. David Stubbs (asb-7248-u83c)