FILED
2022 Nov-01  PM 12:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL JEROME JENNINGS

  Plaintiff,

vs.

CHRISTOPHER SMITH,
in his individual capacity;
JUSTIN GABLE,
in his individual capacity.
JEREMY BROOKS,
in his individual capacity.
CITY OF CHILDERSBURG, ALABAMA,

  Defendants.

CAFN: 1:22-cv-01165-RD

## COMPLAINT

COMES NOW, Plaintiff, Pastor Michael Jerome Jennings (hereinafter "Pastor Jennings" or "Plaintiff"), through his undersigned counsel, files this Amended Complaint pursuant to FRCP 15(a)(1)(B) against the above-named Defendant Christopher Smith (hereinafter "Defendant Smith"), in his individual capacity; Defendant Justin Gable (hereinafter "Defendant Gable"), in his individual capacity; Defendant Jeremy Brooks (hereinafter "Defendant Brooks"), in his individual capacity; and the City of Childersburg, Alabama, and in support thereof states as follows:

1

<u>INTRODUCTION</u>

"I'm supposed to be here. I'm Pastor Jennings. I live across the street." "I'm looking out for their house while they're gone, watering their flowers."

---Pastor Michael Jennings, May 22, 2022

On May 22, 2022, Michael Jennings, a longtime pastor at Vision of Abundant Life Church in Sylacauga, Ala., was arrested and charged with obstruction of government operation while doing a neighborly deed of watering his out-of-town neighbor's flowers, per their request. According to the incident report related to Pastor Jennings' arrest, Pastor Jennings was arrested because he failed to identify himself to the Childersburg's police officers after they received a called that a suspicious person was on the neighbor's property while they were out-of-town. Notably, Pastor Jennings identified himself to the responding officer even though he was under no lawful obligation to identify himself to the responding officers, pursuant to Alabama code section 15-5-30. Pastor Jennings was arrested and transported to Childersburg City Jail, where he was fingerprinted, his mug shot was taken and then he was booked and transported to Talladega County Jail. Pastor Jennings had to post a bond in the amount of $500.00 to bail out of jail. On June 1, 2022, Pastor Jennings charges were dismissed with prejudice.

Plaintiff brings federal constitutional claims against all individually Defendants for committing acts under color of law that deprived, Plaintiff, Pastor Jennings of his

rights under the Constitution.  Further, Plaintiff brings state law claims of False Arrest against all named Defendants.

## JURISDICTION AND VENUE

### 1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly under 42 U.S.C. § 1983.

### 2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

### 3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## PARTIES

### 4.

At all times relevant hereto, Plaintiff Michael Jerome Jennings, was a resident of the State Alabama and citizen of the United States of America.

5.

At all times relevant hereto, Defendant Christopher Smith was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Childersburg, Alabama. Defendant Christopher Smith is sued in his individual capacity.

6.

At all times relevant hereto, Defendant Justin Gable was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Childersburg, Alabama. Defendant Justin Gable is sued in his individual capacity.

7.

At all times relevant hereto, Defendant Jeremy Brooks was a citizen of the United States and a resident of the State of Alabama and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Childersburg, Alabama. Defendant Jeremy Brooks is sued in his individual capacity.

8.

The City of Childersburg, Alabama in municipality under the laws of Alabama. The City of Childersburg Police Department is a department of the City of Childersburg, Alabama Government.

FACTUAL ALLEGATIONS

*Events That Occurred on May 22, 2022*

9.

On May 22, 2022, at approximately 6:21 p.m., Pastor Jennings, a black man, was on his neighbor's private property watering his neighbor's flowers, per his neighbor's request, when he was approached by Defendants Smith and Gable of the Childersburg Police Department.

10.

Defendant Smith asked Pastor Jennings what he was doing there at the private property. Pastor Jennings told Defendants Smith that he was watering flowers. Notably, Pastor Jennings was holding a water hose in his hand and watering flowers when he told Defendants Smith that he was watering flowers.

11.

Defendant Smith then told Pastor Jennings that someone called 911 and said a gold SUV parked on the private property was not supposed to be there nor did Pastor Jennings supposed to be there.  Pastor Jennings responded by saying, "I'm supposed to be here. I'm Pastor Jennings. I live across the street." "I'm looking out for their house while they're gone, watering their flowers."

5

12.

Defendant Smith acknowledged the Pastor Jennings had identified himself as Pastor Jennings, then he asked for Pastor Jennings to provide him with his identification card to prove his identity to him. However, Pastor Jennings refused to do so.

13.

Subsequently, Defendant Gable arrived on scene.  Pastor Jennings told Defendant Gable that he had already told Defendants Smith who he was. He reiterated that he there watering flowers for his neighbor and that he lived across the street, and he had not done anything suspicious.

14.

Pastor Jennings attempted to walk away and continue his good deed of watering his neighbor's flowers; however, he was detained by Defendants Gable and Smith and placed in handcuffs. Defendant Smith took his cell phone away from him.

15.

Subsequently, Defendant Brooks arrived on scene. Upon Defendant Brooks arrival on scene, Defendants Smith walked to his patrol vehicle while Defendants Brooks and Gable stayed with Pastor Jennings.

16.

Defendant Brooks told Pastor Jennings that they have a right to identify him, and he needed to listen to them and shut his mouth.  Pastor Jennings told Defendant Brooks they need to listen, and he needs to shut his mouth and not to talk to him like he is a child. Immediately, after Pastor Jennings express his discontent of how Defendant Brooks was speaking to him, Defendants Smith decided to arrest Pastor Jennings. Defendant Brooks concurred with Defendant Smith and told Pastor Jennings he was going to jail.

17.

Defendant Gable escorted Pastor Jennings to his patrol vehicle. Notably, Defendants Brooks and Smith acknowledged that Pastor Jennings was on private property as they were walking to run a license plate check on the gold SUV that was in the yard.

18.

Subsequently, the individual Defendants made contact with Amanda. Amanda was the person who initiated the call to the police concerning a suspicious person in her neighbor's yard. Upon speaking with Amanda, the Defendants were then satisfied that Pastor Jennings was who he said he was and was doing what he said he was doing, watering his neighbor's flowers while they were out of town. Notably, Amanda, a white woman, refuse to prove her last name and identification/driver's license to the individual Defendants.

19.

Despite that fact Pastor Jennings identified himself to Defendants Smith under no legal obligation to do so; Despite that fact Amanda validated who Pastor Jennings was and that he probably had permission to be on the private property; Despite that fact Pastor Jennings' wife produced his identification to the individual Defendants; The individual Defendants refused to release Pastor Jennings from their custody and took him to the Childersburg City Jail and then he was booked and transported to the Talladega County Jail.

20.

While at the jail, Pastor Jennings was fingerprinted. He was required to take a mugshot and had to pay a cash bond for his release in the amount of $500.00 dollars. Pastor Jennings was incarcerated for approximately 2 hours before his wife was able was able to borrow the money from a relative to bail him out of jail.



Mugshot of Pastor Jennings on 5/22/22 at the Childersburg City Jail

21.

The above photo was posted on https://bustedtalladegacounty.com/sylacauga/

22.

On June 1, 2022, Pastor Jennings charges were dismissed with prejudice.

23.

As a direct and proximate result of the individual Defendants' wrongful conduct, the Pastor Jennings sustained substantially injuries. These injuries include, but are not limited to, loss of constitutional and federal rights, emotional distress, and/or aggravation of pre-existing conditions, and ongoing special damages medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these Defendants. Plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest.

24.

In the alternative, the individual Defendants arrested Pastor Jennings due to their lack of skills or carelessness as officers operating in their scope of duty in confronting the above facts and circumstances.  Their actions fell below that response which a skilled or proficient officer would exercise in similar circumstances.

25.

Pastor Jennings is also entitled to punitive damages on all of his claims against all of the individual Defendants personally to redress their willful, malicious, wanton, reckless and fraudulent conduct towards Pastor Jennings.

<u>CLAIMS FOR RELIEF</u>

FIRST CLAIM FOR RELIEF
42 U.S.C. § 1983 – Unlaw Arrest in Violation of the Fourth Amendment
(Against All Individual Defendants)

26.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…..

27.

All individual Defendants to this claim, are persons for purposes of 42 U.S.C. § 1983.

28.

All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the City of Childersburg and their acts or omissions were conducted within the scope of their official duties or employment.

29.

At the time of the complained of events, Pastor Jennings had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure and not to be arrested without arguable probable cause to do so. Notably, Pastor Jennings identified himself although he was under no legal obligation to pursuant to Alabama code section 15-5-30.

30.

Alabama code section 15-5-30 states:

> A sheriff or other officer acting as sheriff, his deputy or any constable, acting within their respective counties, any marshal, deputy marshal or policeman of any incorporated city or town within the limits of the county or any highway patrolman or state trooper may stop any person abroad in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions.

31.

It is undisputed that Pastor Jennings was on private property at the time the individual Defendants demand for him to prove his identity by showing his

identification card. Although Pastor Jennings was under no legal obligation to provide

his name, address, and an explanation of his actions, he did. Upon his initial encounter

with Defendant Smith, he told Defendant Smith "I'm Pastor Jennings. I live across the

street." "I'm looking out for their house while they're gone, watering their flowers."

32.

All individual Defendants' actions, as described herein, were willful, malicious

and deliberate indifferent to Pastor Jennings's federally protected rights.

33.

All individual Defendants engaged in the conduct described by this Complaint

willfully, maliciously, in bad faith, and in reckless disregard of Pastor Jennings'

federally protected constitutional rights.

34.

All individual Defendants did so with shocking and willful indifference to

Pastor Jennings' rights and with conscious awareness that it could cause Pastor

Jennings harm.

35.

The acts or omissions of all individual Defendants were the moving forces

behind Pastor Jennings' injuries. The acts or omissions of all individual Defendants as

described herein intentionally deprived Pastor Jennings' of his constitutional rights

and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

36.

As a proximate result of all individual Defendants' unlawful conduct, Pastor Jennings suffered loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, Pastor Jennings has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

37.

On information and belief, Pastor Jennings suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

38.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton

disregard of the constitutional rights of Jennings. All Defendants are jointly and severally liable for violating Jennings's Fourth Amendment Rights.

39.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

SECOND CLAIM FOR RELIEF
42 U.S.C. § 1983
Retaliatory arrest in violation of the First Amendment
(Against All Individual Defendants)

40.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

41.

All individual Defendants to this claim, is a person for purposes of 42 U.S.C. § 1983.

14

42.

All individual Defendants, at all times relevant hereto, were acting under the color of state law in their capacities as officers for the City of Childersburg and their acts or omissions were conducted within the scope of their official duties or employment.

43.

At the time of the complained of events, Pastor Jennings had a clearly established constitutional right under the First Amendment to be free from arrest after engaging in protected speech under the First Amendment.

44.

The individuals Defendants made the decision to arrest Pastor Jennings in retaliation after Pastor Jennings engaged in constitutionally protected speech and conduct.  The statements made by Pastor Jennings were not fighting words. The statements and conduct of Pastor Jennings constituted protected speech under the First Amendment.

45.

All individual Defendants' actions, as described herein, was willful, malicious and deliberate indifferent to Pastor Jennings's federally protected rights.

46.

All individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Pastor Jennings' federally protected constitutional rights.

47.

All individual Defendants did so with shocking and willful indifference to Pastor Jennings' rights and with conscious awareness that it could cause Pastor Jennings harm.

48.

The acts or omissions of all individual Defendants were the moving forces behind Pastor Jennings' injuries. The acts or omissions of all individual Defendants as described herein intentionally deprived Pastor Jennings' of his constitutional rights and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

49.

As a proximate result of all individual Defendants' unlawful conduct, Pastor Jennings suffered loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, Pastor Jennings has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

50.

On information and belief, Pastor Jennings suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

51.

In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Pastor Jennings. All of the individual Defendants are liable for violating Pastor Jennings' First Amendment Rights.

52.

WHEREFORE, Plaintiff prays for the following relief:

1.    Judgment for compensatory damages;

2.    Judgment for exemplary or punitive damages;

3.    Cost of suit;

4.    Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5.    Trial by jury as to all issues so triable; and such other relief as this Honorable

Court may deem just and appropriate.

### THIRD CLAIM FOR RELIEF
(False Arrest)
(Against All Individual Defendants)

53.

Plaintiff realleges and incorporates herein by reference each and every
allegation contained in paragraphs 1 through 25 of this Complaint.

54.

No reasonable officer in the individuals Defendants' position could have
believed there was arguable probable cause that Pastor Jennings committed the
offense obstruction of government or any other criminal act prior to his arrest.

55.

Additionally, Pastor Jennings was arrested in retaliation after engaging in
constitutionally protected speech and conduct.

56.

The individual Defendants' arrest of Pastor Jennings was malicious, willful or
with a reckless or wanton disregard of Pastor Jennings' constitutional rights.

57.

The Defendants' action caused the Plaintiff to suffer from emotional distress,
with significant PTSD type symptoms, including sadness, anxiety, stress, anger,

depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest.

58.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees;

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

### FOURTH CLAIM FOR RELIEF
(False Arrest)
(Against City of Childersburg)

59.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

60.

In the alternative, the individual Defendants arrested Pastor Jennings due to their lack of skills or carelessness as officers operating in their scope of duty in confronting

the above facts and circumstances.  Their actions fell below that response which a skilled or proficient officer would exercise in similar circumstances.

61.

The individual Defendants were careless and unskilled in arresting Pastor Jennings after Pastor Jennings refused to prove his identification card to the individual Defendants.

62.

The individual Defendants were careless and unskilled in arresting Pastor Jennings after Pastor Jennings engaged in constitutionally protected speech and conduct.

63.

The Defendants' action caused the Plaintiff to suffer from emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from his unlawful arrest.

64.

At the time of the complained incident, all individual Defendants were acting within the scope of their employment with City of Childersburg. At the time all individual Defendants committed the acts described herein, they were acting within the course and scope of their employment and/or agency with City of Childersburg. As

such, the City of Childersburg is liable for the lack of skills or carelessness of the individual Defendants while operating in their scope of duty in confronting the above facts and circumstances. The individual Defendants' actions fell below that response which a skilled or proficient officer would exercise in similar circumstances.

Therefore, the unskillfulness and carelessness of all individual Defendants are imputed to City of Childersburg through the doctrines of agency, vicarious liability and respondeat superior.

65.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees:

5. Trial by jury as to all issues so triable; and

Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A.  compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount into be determine by a jury;

B.  economic losses on all claims allowed by law;

C.  special damages in an amount to be determined at trial;

D.  punitive damages on all claims allowed by law against all individual Defendants;

E.  attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G.  any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY.**

Respectfully submitted November 1, 2022.

*(Signatures on following page)*

**The Law Offices of Harry M. Daniels, LLC**

*/s/Harry M. Daniels*
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com
(Pro hac vice to be filed)

- and -

THE EMBRY LAW FIRM, LLC

*/s/ Bethaney Embry Jones*
Bethaney Embry Jones, Esq.
Alabama Bar Number: 1057B67U
12531 Veterans Memorial Highway
Douglasville, Georgia 30134
Tel. 678-701-5238
Fax: 678-384-4545
Email: bembry@embrylawfirm.com
(Pro hac vice to be filed)

- and -

TRAVIS LAW, LLC

*/s/Joi Travis*
Joi Travis, Esq
Alabama Bar Number: 6611L44K
P.O. Box 550274
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell.  205-720-9527
Fax:   205-778-3123
Email: joi@travislawllc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL JEROME JENNINGS

     Plaintiff,

vs.

CHRISTOPHER SMITH,
in his individual capacity;
JUSTIN GABLE,
in his individual capacity.
JEREMY BROOKS,
in his individual capacity.
CITY OF CHILDERSBURG, ALABAMA,

     Defendants.

CAFN: 1:22-cv-01165-RD

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that the following has been served a copy of the foregoing document, on the 1st day of November 2022, by placing the same in the U.S. mail, postage prepaid and properly addressed; or, if the party being served is a registered participant in the ECF System of the United States District Court for the Northern District of Alabama, by a "Notice of Electronic Filing" pursuant to N.D. Ala. Local Rule 5.4:

STUBBS, SILLS & FRYE P.C.
C. David Stubbs
Attorney for Defendant City of Childersburg
1724 South Quintard Avenue Post Office Box 2023

**The Law Offices of Harry M. Daniels, LLC**

*/s/Harry M. Daniels*
Harry M. Daniels, Esq