FILED

2022 Nov-22  AM 10:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL JEROME JENNINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 1:22-cv-01165-RDP** |
| | ) | |
| **CHRISTOPHER SMITH, *et al*.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT OF THE PARTIES' PLANNING MEETING**

On November 17, 2022, the attorneys for all parties convened through telephonic conference for a Rule 26 conference, and now, in compliance with the Court's October 27, 2022 Rule 26(f) Order (Doc. 15), respectfully submit their Rule 26(f) Report.

1.     **Appearances.** The following attorneys appeared at the Rule 26 conference, which was held via telephone communication, per this Honorable Court's permission.

(a)     **For the Plaintiff**: Bethany Embry Jones, 12531 Veterans Memorial Highway, Douglasville, Georgia 30134; Joi Travis, Post Office Box 550274, Birmingham, Alabama 35255; Roderick Van Daniel, 3003 13th Avenue South Suite 19, Birmingham, Alabama 35205; Harry M. Daniels, 4751 Best Road Suite 490, Atlanta, Georgia 30337.

(b)     **For the Defendants**: C. David Stubbs, Stubbs, Sills & Frye, Post Office Box 2023, Anniston, Alabama 36202.

2.    **Nature of the Case**. This is a federal civil rights case. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims brought pursuant to Alabama state law.

3.    **Synopsis of the Case.** Plaintiff, Michael Jerome Jennings, alleges that the individual Defendants (Christopher Smith, Justin Gable, and Jeremy Brooks, who are or were police officers employed by the City of Childersburg, Alabama) wrongfully arrested him. The first amended complaint (doc. 16), which is the current operative pleading, asserts four claims arising under both federal and Alabama state law:

- A claim brought pursuant to 42 U.S.C. § 1983 against the individual defendants for alleged unlawful arrest in violation of the Fourth Amendment.

- A claim brought pursuant to 42 U.S.C. § 1983 against the individual defendants for alleged retaliatory arrest in violation of the First Amendment.

- A claim brought pursuant to Alabama state law against the individual defendants for alleged false arrest.

- A claim brought pursuant to Alabama state law against the City of Childersburg for alleged false arrest.

Defendants deny that it/they violated Jennings' constitutional rights and deny that it/they committed any wrongdoing whatsoever in this matter. The City of Childersburg denies that Jennings has stated a viable claim against it. The parties note that counsel for the Defendants agreed to execute waivers of service for two of the individual Defendants and that the parties therefore agreed that all Defendants would have until December 1, 2022 to file appropriate responses to the first amended complaint.

Defendants specifically deny that Plaintiff is entitled to any judgment, damages, and/or relief whatsoever from defendants.

4.      **Complexity of the Case**. The parties do not feel that this case is particularly complex, except to the extent that it involves the legally nuanced application of issues of statutory, qualified, and State-agent immunity defenses for both the City and the individual Defendants.

5.      **Pre-Discovery Disclosures**. The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) by **December 16, 2022.**

6.      **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:

(a)      Discovery will be needed on the following subjects: plaintiff's factual allegations and claims as set forth in plaintiff's First Amended Complaint and matters incidental thereto; defendants' defenses and all responses and averments in defendants' Answer and matters incidental thereto; and plaintiff's damages and defendants' defenses thereto.

(b)      **Discovery:** All discovery must be commenced in time to be completed by **August 18, 2023.**

(c)      **Supplementation:** Supplementation of disclosures and discovery responses shall be in accordance with Fed. R. Civ. P. 26(e) but not later than **10 days** prior to close of discovery.

(d)      **Reports from retained experts under Rule 26(a)(2):** Unless otherwise mutually agreed upon by the parties, reports from retained experts, if any, are due from plaintiff **by April 28, 2023** and from Defendants by **May 26, 2023.** Plaintiff must make any expert available for deposition by **June 16, 2023.** Defendant must make any expert available for deposition by **July 7, 2023.**

(e) **Interrogatories**: Maximum of thirty-five (35) interrogatories, including sub-parts, by each party to any other party. Responses to all interrogatories are due thirty (30) days after service.

(f) **Requests for Admission**: Maximum of fifteen (15) Requests for Admission, including sub-parts, by each party to any other party. Responses to all Requests for Admission are due thirty (30) days after service.

(g) **Requests for Production**: Maximum of thirty-five (35) requests for production, including sub-parts, by each party to any other party. Responses to all requests for production are due thirty (30) days after service.

(h)      **Depositions**: Maximum of 10 depositions by plaintiff and 10 by defendants.

(i)      **Length of Depositions**: No deposition shall exceed 7 hours, exclusive of breaks, unless agreed to by the parties or ordered by the Court.

(j)      **Fed. R. Civ. P. 26(b)(1)-(2) Statement**: The parties believe that the proposed limits on discovery are proportional to the needs of the case, which involves four defendants, three of whom are individuals and one of which is a municipality, and it is anticipated that depositions will be needed, at a minimum, of all parties and a corporate representative.

7.      **Other Items.**

(a)      The parties do not request a conference prior to entry of a scheduling order.

(b)      The plaintiff has until **January 23, 2023** to join additional parties and to amend the pleadings.

(c)      The defendants have until **February 20, 2023** to join additional parties and to amend the pleadings.

(d)      **Dispositive Motions:** All potentially dispositive motions must be filed and served by **October 30, 2023.**

(e)      **Settlement:** The parties are open to exploring the possibility of an early resolution of the case via mediation.

(f)      **Witness & Exhibit Lists:** Final lists of witnesses and exhibits, including medical literature, are due to be filed by **December 29, 2023.**

(g)      **Objections to Witness & Exhibit Lists:** The parties shall have **14 days** after service of final lists of witnesses and exhibits to file objections under Fed. R. Civ. P. 26(a)(3).

(h)      **Pretrial Conference:** The case will be ready for a pretrial conference **45 days** prior to trial.

(i)      **Trial**: The parties request a trial date in **April 2024.** Trial is expected to take **2 to 3 days**. The parties respectfully note that this requested trial setting is outside of twelve months from the date that the initial complaint was filed. However, this trial setting is requested so that the parties will have a reasonable time to complete discovery and the Court will have a reasonable and meaningful opportunity to consider any dispositive motions. Defense counsel is also already set for a jury trial in another complex federal civil case in February of 2024.

(j)      **Other matters**:

(1)      **Motions in Limine:** All motions in limine shall be filed **fifteen (15) days** prior to trial.

(2)      **Production of Electronically Stored Information**: Disclosure or discovery of electronically stored information should be handled as follows: A producing party may initially produce electronic or computer-based information in a searchable PDF format rather than the native electronic format. Upon written request by the opposing party, however, the producing party will produce in native format unless the producing party has good cause for not doing so. Within 10 days of any written request by the opposing party, however, the producing party will either

produce in native format or object in writing to producing in native electronic format. The parties will confer in good faith regarding any production issues before submitting a dispute to the court.

(3)   **Claw Back Agreement**: The parties request entry of the following order pursuant to Fed. R. Evid. 502:

> In the event that either party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality for purposes of this or any other proceeding if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies the other party (the "Recipient") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

> If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

> In the event that the Recipient contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient may, following the return and destruction described herein, challenge the privilege claim through a Motion to Compel or other pleading with the Court. The parties agree that any review of items by the Judge shall be an in-camera review. Should the Recipient not challenge the Discloser's claim of privilege or confidentiality, or should the Court determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in this or any other proceeding (whether arbitration or state or federal court). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

(4)   Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties consent to service by electronic means of pleadings and other papers covered by Rule 5.

(5)    The parties are contemporaneously filing a Joint Motion for Qualified HIPAA Protective Order and jointly request that this Court enter its standard order set forth in Appendix I to the Initial Order.

(6)    The valid medical authorizations presented to counsel for plaintiff at the conclusion of the planning meeting shall be signed by plaintiff within **5 days** of submission of this Report to the Court.

Respectfully submitted,

LAW OFFICES OF HARRY M. DANIELS, LLC

*/s/Harry M. Daniels*
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com
(Pro hac vice to be filed)

- and -

THE EMBRY LAW FIRM, LLC

*/s/ Bethaney Embry Jones*
Bethaney Embry Jones, Esq.
Alabama Bar Number: 1057B67U
12531 Veterans Memorial Highway
Douglasville, Georgia 30134
Tel. 678-701-5238
Fax: 678-384-4545
Email: bembry@embrylawfirm.com
(Pro hac vice to be filed)

- and -

TRAVIS LAW, LLC

*/s/Joi Travis*
Joi Travis, Esq
Alabama Bar Number: 6611L44K
P.O. Box 550274
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell. 205-720-9527
Fax: 205-778-3123
Email: joi@travislawllc.com

- and -

THE RODERICK VAN DANIEL LAW FIRM,
LLC

*/s/Roderick Van Daniel*
Roderick Van Daniel
Alabama Bar Number: 9105L64X
Federal Bar Number: ASB-9105-164X
3003 13th Avenue South Suite 19
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell. 205-720-9527
Fax: 205-778-3123
Email: roddaniel1205@gmail.com


Respectfully submitted,

*/s/ C. David Stubbs*
C. David Stubbs (asb-7248-u83c)
Attorney for Defendants

**_OF COUNSEL:_**
**STUBBS, SILLS & FRYE P.C.**
1724 South Quintard Avenue
Post Office Box 2023
Anniston, Alabama 36202
Phone: (256) 835-5050
Email: david@stubbssillsfrye.com