FILED
2023 Dec-21  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JEROME JENNINGS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.: 1:22-cv-01165-RDP** |
| | ) | |
| **CHRISTOPHER SMITH, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Defendant City of Childersburg's Motion to Dismiss. (Doc. # 46). The Motion has been fully briefed. (Docs. # 46, 52, 55). After careful review, and for the reasons outlined below, the Motion (Doc. # 46) is due to be granted.

## I.    Background[1]

Plaintiff Michael Jerome Jennings ("Plaintiff") filed this action against Defendants Christopher Smith ("Officer Smith"), Justin Gable ("Officer Gable"), Jeremy Brooks ("Officer Brooks") (collectively "the Individual Officers"), and the City of Childersburg, Alabama ("the City") on September 9, 2022. (Doc. # 1). He amended his complaint on November 1, 2022. (Doc. # 16).

The Amended Complaint alleges that, on May 22, 2022, Plaintiff was on his neighbor's private property watering the flowers when he was approached by Officers Smith and Gable of the

---

[1] In evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008). Accordingly, the facts set out herein are taken from Plaintiff's Amended Complaint (Doc. # 16), and they are assumed true for purposes of this Memorandum Opinion. However, the court would be amiss if it did not address that this is simply an outline of the allegations from Plaintiff's perspective. Thus, the factual record here differentiates slightly from the Rule 56 record in the Summary Judgment Memorandum Opinion.

Childersburg Police Department. (Doc. # 16, ¶ 9). When asked what he was doing on the property, Plaintiff told the officers he was watering the flowers. (*Id.* at ¶ 10). Officer Smith informed Plaintiff that they received a 911 call reporting that there was an unknown gold SUV parked on the property and an individual present that was not supposed to be there. (*Id.* at ¶ 11). Plaintiff responded by saying, "I'm supposed to be here. I'm Pastor Jennings. I live across the street. I'm looking out for their house while they're gone, watering their flowers." (*Id.*).

Officer Smith then asked Plaintiff to provide him with his identification card ("ID"). (*Id.* at ¶ 12). Plaintiff refused to give his ID to the officers and instead walked away to continue watering the flowers. (*Id.* at ¶¶ 12-14). At this point, he was detained by Officers Gable and Smith and placed in handcuffs. (*Id.* at ¶ 14).

Subsequently, Officer Brooks arrived on the scene and informed Plaintiff that the officers had a right to identify him and that "he needed to listen to them and shut his mouth." (*Id.* at ¶¶ 15-16). Plaintiff responded by informing Officer Brooks that *they* need to listen, and that he needs to "shut his mouth and not talk to him like he is a child." (*Id.* at ¶ 16). At this point, the officers arrested Plaintiff and informed him that he was going to jail. (*Id.*).

While Plaintiff was detained in the back of one of the officer's vehicles, the officers made contact with the 911-caller, Amanda. (*Id.* at ¶ 18). Plaintiff contends that upon speaking with Amanda, the officers were satisfied that Plaintiff "was who he said he was and was doing what he said he was doing" (i.e., watering his neighbor's flowers while they were out of town). (*Id.*). Nonetheless, he was taken to the Childersburg City Jail, booked and transported to the Talladega County Jail, and remained in custody for approximately two hours before his wife was able to bail him out of jail. (*Id.* at ¶¶ 19-20). On June 1, 2022, the charges against Plaintiff were dismissed with prejudice. (*Id.* at ¶ 22).

Plaintiff's Amended Complaint includes four claims: (1) an unlawful arrest claim against the Individual Officers pursuant to 42 U.S.C. § 1983 (Count 1); (2) a retaliatory arrest claim against the Individual Officers pursuant to 42 U.S.C. § 1983 (Count 2); (3) a state-law false arrest claim against the Individual Officers (Count 3); and (4) a state-law false arrest claim against the City (Count 4). (Doc. # 16).

The City filed a Motion to Dismiss the state-law false arrest claim against it. (Doc. # 46). Simultaneously, the Individual Officers filed a Motion for Summary Judgment. (Doc. # 48). The court addresses the Individual Officers' Motion for Summary Judgment in a separate memorandum opinion. This memorandum opinion focuses solely on the City's Motion to Dismiss, which is discussed below.

## II.    Legal Standard

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

Complaints that tender "'naked assertion[s]' devoid of 'further factual enhancement'" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (alteration in original). Stated differently, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## III.   Discussion

In its Motion to Dismiss, the City seeks to dismiss Plaintiff's state-law false arrest claim against it (Count 4). (Doc. # 46). In particular, the City alleges that Plaintiff's state-law false arrest

claim should be dismissed because (1) Plaintiff's Amended Complaint fails to state a claim against the City under the applicable pleading standard, and (2) the claim fails as a matter of law because the City shares the Individual Officers' state-agent and peace officer immunity. (Doc. # 46-1 at 5). The court addresses each argument in turn.

        **a.      Plaintiff's state-law false arrest claim meets the Rule 8 pleading standard.**

The City first argues that Plaintiff's state-law false arrest claim must be dismissed because it fails to state a claim under the applicable pleading standard. The court disagrees.

Plaintiff alleges a false arrest claim against the City for the "lack of skills or carelessness" of the Individual Officers pursuant to Alabama Code § 11-47-190. (Doc. # 16, ¶¶ 59-64). Under § 11-47-190,

> No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless such injury or wrong was done or suffered through the neglect, carelessness or unskillfulness of some agent, officer or employee of the municipality engaged in the work therefore and while acting in the line of his or her duty.

Ala. Code § 11-47-190. Thus, "this section limits municipal liability to claims of negligence based on the conduct of agents, officers, or employees of the municipality." *Lee v. Houser*, 148 So. 3d 406, 419 (Ala. 2013).

"Where a plaintiff alleges a factual pattern that demonstrates 'neglect, carelessness, or unskillfulness,' the plaintiff has stated a cause of action against a municipality under [§] 11-47-190 of the Alabama Code." *Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1193 (M.D. Ala. Apr. 1, 1999). However, the City argues that Plaintiff's claim under 11-47-190 must be dismissed because he simultaneously asserts that that the Individual Officers acted intentionally in arresting him and any allegations of negligence are merely conclusory,

Throughout the complaint, Plaintiff alleges that the officers acted "willfully, maliciously, in bad faith, and in reckless of disregard of [his] federally protected constitutional rights" and that they did so with "shocking and willful indifference…and conscious awareness that it could cause [him] harm." (Doc. # 16, ¶¶ 25, 32-35, 45-47, 56). However, Federal Rule of Civil Procedure 8(d) expressly permits a party to plead alternative or inconsistent claims or defenses in one case. *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1273 (11th Cir. 2009). When a party makes alternative statements, the pleading is sufficient if any one of them is sufficient. Fed. R. Civ. P. 8(d)(2). Further, one pleading "should not be construed as an admission against another alternative or inconsistent pleading in the same case." *Silverio v. Buffalo Rock Co.*, 2010 WL 11614793, at *3 (N.D. Ala. Apr. 1, 2010) (quoting *Henry v. Daytop Vill., Inc.*, 42 F.3d 89, 95 (2d Cir. 1994) and *Molsbergen v. United States*, 757 F.2d 1016, 1018-19 (9th Cir.), *cert. dismissed*, 473 U.S. 934 (1985)).

To be sure, "alternative pleading does not relieve a plaintiff of [his] obligation under Rule 8(a) to state 'enough facts to state a claim to relief that is plausible on its face.'" *Thomas v. Kamtek, Inc.*, 143 F. Supp. 3d 1179, 1189 (N.D. Ala. Oct. 28, 2015) (quoting *Twombly*, 550 U.S. at 547). Nevertheless, the court finds that Plaintiff has cleared that hurdle here. At the pleading stage, the court assesses only whether Plaintiff's allegations are "enough to raise a right to relief above the speculative level." *United Tech. Corp*, 556 F.3d at 1273 (quoting *Twombly*, 550 U.S. at 555). Here, while the actions of the Individual Officers in arresting Plaintiff could be found to be intentional or malicious, they could also be construed as negligent, as well. Therefore, in accepting Plaintiff's allegations as true and viewing them in the light most favorable to him, the court finds that Plaintiff has sufficiently alleged that the Individual Officers were careless and unskilled in arresting him.

Accordingly, at the initial pleading stage, Plaintiff's allegations are sufficient to state a claim against the City under § 11-47-190.

      **b.    Plaintiff's claim against the City is due to be dismissed because the City shares the Individual Officers' state-agent and peace officer immunity.**

Plaintiff alleges that the City is liable for the Individual Officers' actions falling below that of a skilled or proficient officer in similar circumstances. (Doc. # 16, ¶¶ 59-65). However, because the Individual Officers are entitled to state-agent immunity under Alabama Code § 6-5-338, the City also cannot be held liable for their actions, and Plaintiff's claim is to due be dismissed.

"Alabama law provides for immunity for police officers performing discretionary functions within the scope of their employment… Thus, police officers, and by extension the City, are generally immune from claims of negligence." *Fowler v. Meeks*, 569 Fed. Appx. 705, 708 (11th Cir. 2014) (citing Ala. Code § 6-5-338).

Under Alabama law, a municipal officer is immune from state tort liability "arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code § 6-5-338(a). However, the state-agent immunity does not apply when officers act "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Ex Parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000).

In its evaluation of the Individual Officers' Motion for Summary Judgment, the court has already ruled that they are entitled to state-agent immunity for their arrest of Plaintiff. *See* Doc. # 60 at 25-26. And, because the Individual Officers are shielded from liability under § 6-5-338, the City is immune as well. "It is well established that, if a municipal peace officer is immune pursuant to § 6-5-338(a), then, pursuant to § 6-5-338(b), the city by which he is employed is also immune. Section 6-5-338(b) provides: 'This section is intended to extend immunity only to peace officers

and governmental units or agencies authorized to appoint peace officers.'" *Howard v. City of Atmore*, 887 So. 2d 201, 211 (Ala. 2003) (holding that § 6-5-338(b) shielded a city from liability for the alleged neglect, carelessness, and unskillfulness of the police chief); *see also Shaw v. City of Selma*, 241 F. Supp. 3d 1253, 1287 (S.D. Ala. Mar. 15, 2017).

Because this court finds that the Individuals Officers are entitled to immunity under § 6-5-338(a), the City of Childersburg is also immune from Plaintiff's state-law claim under § 6-5-338(b). Therefore, Plaintiff's state-law false arrest claim against the City is due to be dismissed.

## IV.   Conclusion

For the reasons discussed above, the City of Childersburg's Motion to Dismiss is **GRANTED**. An order consistent with this memorandum opinion will be entered contemporaneously.

**DONE** and **ORDERED** this December 21, 2023.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE