IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL JEROME JENNINGS,

    Plaintiff,

v.                                       CASE NO.: 1:22-cv-01165-RDP

CHRISTOPHER SMITH, et al.,

    Defendants.

## PLAINTIFF'S BRIEF THAT ADDRESSES WHETHER THE COURT SHOULD CERTIFY A QUESTION TO THE ALABAMA SUPREME COURT

LAW OFFICES OF HARRY M. DANIELS, LLC

/s/Harry M. Daniels
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com

TRAVIS LAW, LLC
Joi Travis, Esq
Alabama Bar Number: 6611L44K
P.O. Box 550274
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell. 205-720-9527
Fax: 205-778-3123
Email: joi@travislawllc.com

THE EMBRY LAW FIRM, LLC

Bethaney Embry Jones, Esq.
Alabama Bar Number: 1057B67U
12531 Veterans Memorial Highway Douglasville,
Georgia 30134
Tel. 678-701-5238
Fax: 678-384-4545
Email: bembry@embrylawfirm.com

THE RODERICK VAN DANIEL LAW FIRM, LLC
Roderick Van Daniel
Alabama Bar Number: 9105L64X
Federal Bar Number: ASB-9105-164X 3003
13th Avenue South Suite 19
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell. 205-720-9527
Fax: 205-778-3123
Email: roddaniel1205@gmail.com

TABLE OF CONTENTS

TABLE OF CONTENTS...................................................................................... 2

ARGUMENT........................................................................................................3

    1. Ala. Code § 15-5-30 is so clear on its face, no judicial interpretation is needed or should be sought by this court...3

    2. The District Court should exercise restraint in certifying a question to the Alabama Supreme Court...4

CONCLUSION ....................................................................................................7

CERTIFICATE OF SERVICE.............................................................................8

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

MICHAEL JEROME JENNINGS,

   Plaintiff,

v.                           CASE NO.: 1:22-cv-01165-RDP

CHRISTOPHER SMITH, et al.,

   Defendants.

## ARGUMENT

1. Ala. Code § 15-5-30 is so clear on its face, no judicial interpretation is needed or should be sought by this court.

The first step in statutory interpretation requires that courts apply the plain meaning of the statutory language unless it is ambiguous. <u>Conn. Nat'l Bank v. Germain</u>, 503 U.S. 249, 253, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992); <u>United States v. Fisher</u>, 289 F.3d 1329, 1337-38 (11th Cir. 2002)." <u>Johnson v. Governor of State of Florida</u>, 405 F.3d 1214, 1247 (11th Cir. 2005). Ala. Code § 15-5-30 is clear. Notably, five (5) United States Court of Appeals Judges and one (1) District Court Judge at the Eleventh Circuit determined that Ala. Code § 15-5-30 is clear.[1] Specifically, the Court in <u>Edger</u> opinioned the following:

> It lists only three things that the police may ask about. This is not an issue of "magic words" that must be uttered. There is a difference

---

[1] See <u>Edger v. McCabe</u>, No. 21-14396, (11th Cir. Oct. 20, 2023); also see <u>Jennings v. Smith</u>, No. 23-14171, (11th Cir. Sep. 27, 2024).

between asking for specific information: "What is your name? Where do you live?" and demanding a physical license or ID. The information contained in a driver's license goes beyond the information required to be revealed under § 15-5-30.

Edger v. McCabe, No. 21-14396, at *16 (11th Cir. Oct. 20, 2023).

Further, the Eleventh Circuit held in Harris v. Garner that, statutory interpretation as always begin with the language of the statute. 216 F.3d 970, 972 (11th Cir. 2000) (en banc). When the import of the statute's language is clear, we need not resort to legislative history, and we never do so to undermine the plain meaning of clear statutory language. Id. at 976. "When the words of the statute are unambiguous, . . . judicial inquiry is complete.'" Merritt v. Dillard Paper Co.,120 F.3d 1181, 1186 (11th Cir. 1997) (citation omitted).

2. The District Court should exercise restraint in certifying a question to the Alabama Supreme Court.

The Eleventh Circuit has long held that, while certification of questions has immense value, it has been our practice to show restraint in certifying questions to state courts. Mosher v. Speedstar Div. of AMCA Int'l, Inc.,52 F.3d 913, 916–17 (11th Cir.1995); Ruderman v. Washington Nat'l Ins. Corp., 671 F.3d 1208, 1212 (11th Cir. 2012).  Ala. R. App. P. 18 reads:

> **(a)** When certified. When it shall appear to a court of the United States that there are involved in any proceeding before it questions or propositions of law of this state which are determinative of said cause and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court may

> certify such questions or propositions of law of this state to the supreme court of Alabama for instructions concerning such questions or propositions of state law, which certified questions the supreme court of this state, by written opinion, may answer.

Ala. R. App. P. 18

As stated above the Eleventh Circuit have determined twice that Ala. Code § 15-5-30 is clear. If the Eleventh Circuit needed help to interpret Ala. Code § 15-5-30, it could have certified a question to the Alabama Supreme Court. It did not. In its Order on March 4, 2025, this Court focused is on the word "demand" in Ala. Code § 15-5-30. Specifically, the Court determined that the panel in McCabe did not substantively address what that term "demand" means in the context of the statute and the McCabe panel made an Erie[2] guess that the plain language of the "statute does not permit the police to demand physical identification, but there was no analysis (again, in the context of the statute) of what the police may do in making a "demand." The Plaintiff agree with the Court that the panel in McCabe did not substantively address what that term "demand" means in the context of the statute. However, the Plaintiff departs with the Court as to whether the Court needs to substantively address a clear and unambiguous "term" in a clear and unambiguous statue. The Court should take judicial notice that the Alabama House Bill 34 (HB 34) was introduced on February 4, 2025. The bill proposes changes to Ala. Code §

---

[2] Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

5

15-5-30. The synopsis of HB34 read as follows:

> Under existing law, it is a crime to give a false name or address to a law enforcement officer in the course of the officer's official duties with the intent to mislead the officer. A violation is a Class A misdemeanor.
>
> This bill would also include within the offense *giving a false date of birth to a law enforcement officer under the same circumstances.* A violation would be subject to the same criminal penalties.
>
> Under existing law, certain designated law enforcement officers including, constables, deputy sheriffs, and police officers in their counties and state troopers, may stop a person if the officer reasonably suspects the person is committing, has committed, or is about to commit a felony or other public offense and demand the person's name, address, and an explanation of his or her actions. No penalty is provided for failure to comply with a lawful request.
>
> This bill would further authorize a designated law enforcement officer to *demand a person's date of birth under the same circumstances*.
>
> This bill would also further provide that a person who knowingly refuses to comply with a lawful request for the information requested pursuant to a lawful stop would be guilty of a Class C misdemeanor. (Exhibit 1)

Although legislative intent is not required in the interpretation of Ala. Code § 15-5-30 because the statue is clear, this Court can see from the proposed language in 2025 HB34 that the Alabama Legislation in drafting Ala. Code § 15-5-30 still have no intention of allowing a law enforcement officer to demand a identification card or driver's license per Ala. Code § 15-5-30. If the Alabama Legislation wanted to include an identification card or driver's license in Ala. Code § 15-5-30, they could have.  Expressio unius est exclusio alterius "the expression of one thing is the exclusion of the other."

## CONCLUSION

For the above-stated reasons, this Court should not sua sponte a certified question to the Alabama Supreme Court to interpret the term "demand" after two panels at the Eleventh Circuit has determined that the language in Ala. Code § 15-5-30 is clear and unambiguous. Further,  HB 34 clearly show the legislative intent of Ala. Code § 15-5-30 requiring no further interpretation .   Nonetheless, if this Court is still compelled to certify a question to Alabama Supreme Court to interpret the term "demand" the Court should simply ask the Alabama Supreme Court "is Ala. Code § 15-5-30 ambiguous?

7

CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

LAW OFFICES OF HARRY M. DANIELS, LLC

/s/Harry M. Daniels
Harry M. Daniels, Esq
Georgia Bar No.: 234158
4751 Best Road Suite 490
Atlanta, GA 30337
Tel. 678.664.8529
Fax. 800.867.5248
Email: daniels@harrymdaniels.com

TRAVIS LAW, LLC
Joi Travis, Esq
Alabama Bar Number: 6611L44K
P.O. Box 550274
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell. 205-720-9527
Fax: 205-778-3123
Email: joi@travislawllc.com

THE EMBRY LAW FIRM, LLC

Bethaney Embry Jones, Esq.
Alabama Bar Number: 1057B67U
12531 Veterans Memorial Highway Douglasville, Georgia 30134
Tel. 678-701-5238
Fax: 678-384-4545
Email: bembry@embrylawfirm.com

THE RODERICK VAN DANIEL LAW FIRM, LLC
Roderick Van Daniel
Alabama Bar Number: 9105L64X
Federal Bar Number: ASB-9105-164X 3003
13th Avenue South Suite 19
Birmingham, Alabama 35255
Tel. 205- 453-9331
Cell. 205-720-9527
Fax: 205-778-3123
Email: roddaniel1205@gmail.com