# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **MICHAEL JEROME JENNINGS,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v.  } | Case No.: 1:22-cv-01165-RDP |
| } | |
| **CHRISTOPHER SMITH et al.,** } | |
| } | |
| **Defendants.** } | |

## CERTIFICATION OF QUESTION FROM UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA TO THE SUPREME COURT OF ALABAMA, PURSUANT TO RULE 18 OF THE ALABAMA RULES OF APPELLATE PROCEDURE

**To the Supreme Court of Alabama and the Court's Honorable Justices:**

It appears to this court that (1) the above-styled case involves a question or proposition of law of the State of Alabama that is determinative of the cause, and (2) there is not a clear, controlling precedent in the decisions of the Supreme Court of Alabama answering the question.

## I.     STYLE OF THE CASE

The style of this case is reflected in the caption of this Certification.

## II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS

This case is on remand from the Eleventh Circuit after it reversed this court's qualified-immunity summary judgment ruling. The procedural history and underlying facts of this case are stated in the Eleventh Circuit's decision. *Jennings v. Smith*, 2024 WL 4315127 (11th Cir. 2024).

### III.   QUESTION CERTIFIED TO THE SUPREME COURT OF ALABAMA

Pursuant to Article VI, § 6.02(b)(3) of the Alabama Constitution of 1901, as amended, and Alabama Rule of Appellate Procedure 18, the court **CERTIFIES** the following question of state law to the Supreme Court of Alabama:

> **Under Alabama Code § 15-5-30, when a law enforcement officer asks a person for his name, address, and explanation of his actions, and the person gives an incomplete or unsatisfactory oral response, does the statute prohibit the officer from demanding or requesting physical identification?**[1]

This court fully understands that the Supreme Court may, in its discretion, restate the issue. *See Coastal Petroleum Co. v. Secretary of the Army of the United States*, 489 F.2d 777, 786 n.25 (5th Cir. 1973) (quotation omitted).

**DONE** and **ORDERED** this May 22, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE

---

[1] There are at least two questions that relate to this analysis:

1. Is the word "demand" meaningfully different from a word like "request" in that it allows an officer to both ask for the information specified in § 15-5-30 and take follow-up steps to verify the information if the suspect answers those questions in an incomplete or non-credible way?

2. If § 15-5-30 authorizes an officer to request identification, does a suspect's *refusal* to provide identification when requested give an officer probable cause for arresting the suspect for obstruction?